IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTUS SIMMONS, | ) | |
| Plaintiff | ) | Civil Action No. 13-258 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Bissoon |
| CAPTAIN SZELEWSKI, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 43] be granted.

### II. REPORT

#### A. Relevant Procedural History

On August 23, 2013, Plaintiff Augustus Simmons, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"),[1] filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, against three corrections officers at SCI-Albion: Captain Szelewski ("Szelewski"), C/O Williamson ("Williamson"), and C/O Silloway ("Silloway"). Plaintiff subsequently filed an amended complaint [ECF No. 14] on December 16, 2013, and a second amended complaint on January 31, 2014 [ECF No. 25-1], the latter of which is the operative pleading in this case.[2]

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania.

[2] The docket indicates that Plaintiff's second amended complaint is at ECF No. 24; however, the document docketed at ECF No. 24 is actually a compilation of exhibits that were intended to be attached to the second amended

On February 13, 2014, Defendants filed a motion to dismiss second amended complaint [ECF No. 25] arguing that Plaintiff failed to state a claim upon which relief may be granted. Following the Report and Recommendation [ECF No. 33], District Judge Cathy Bissoon issued a Memorandum Order on September 22, 2014, dismissing all of Plaintiff's claims other than his retaliation claim against Defendant Szelewski [ECF No. 35]. As a result, Defendants Williamson and Silloway were terminated from this case, and only Defendant Szelewski remains.

The parties completed discovery on February 20, 2015. Defendant Szelewski has since filed a motion for summary judgment, seeking entry of judgment in his favor as a matter of law on Plaintiff's remaining retaliation claim against him [ECF No. 43]. Plaintiff has filed a response and brief in opposition to Defendant's motion [ECF Nos. 54, 55], Defendant has filed a reply brief [ECF No. 58], and Plaintiff has filed a sur-reply [ECF No. 61]. This matter is now ripe for consideration.

**B.     Relevant Factual History[3]**

Plaintiff was incarcerated at SCI-Albion from June 25, 2012 until February 21, 2013. (ECF No. 45, Defendant's Concise Statement of Material Facts, at ¶ 1). During that time, Defendant Szelewski was SCI-Albion's Security Captain. (Id. at ¶ 4). On or about January 15, 2013, Plaintiff was found guilty of misconduct and was sentenced to a period of time in SCI-Albion's Restricted Housing Unit ("RHU"). (Id. at ¶ 5). While officers were cleaning Plaintiff's cell in preparation for his move to the RHU, they confiscated legal transcripts that allegedly contained gang material written on the back. (Id. at ¶¶ 6-7). As a result, Plaintiff was given a

---

complaint. Noticing the absence of the second amended complaint on the docket, Defendants have attached a copy of the second amended complaint as exhibit 1 to its motion to dismiss [ECF No. 25-1].

[3] The within factual history is largely gleaned from Defendant's Concise Statement of Undisputed Material Facts [ECF No. 45], to the extent the same are unopposed by Plaintiff, or are supported by the weight of the evidence of record.

misconduct for possession of contraband, of which he was found guilty. (Id. at ¶ 8). Defendant Szelewski was not responsible for issuing any of the misconducts received by Plaintiff. (Id. at ¶ 9).

Nonetheless, Plaintiff alleges that when he asked Defendant Szelewski for the return of his legal property in February 2013, Defendant Szelewski threatened that he would send Plaintiff to the "gang unit." (ECF No. 25-1, Plaintiff's Second Amended Complaint, at ¶ 41). The "gang unit" refers to a Security Threat Group Management Unit ("STGMU"). SCI-Albion does not have an STGMU. (Id. at ¶ 11). On February 21, 2013, Plaintiff was transferred to SCI-Smithfield, where he remained incarcerated until February 2014. (Id. at ¶ 12). SCI-Smithfield also does not have an STGMU. (Id. at ¶ 13).

On May 19, 2013, Plaintiff filed a grievance seeking the return of his legal materials that he claimed had not been returned to him since they were confiscated at SCI-Albion. (Id. at ¶¶ 15-16; ECF No. 46-1, Defendant's Exhibits, at p. 16). This grievance was forwarded to SCI-Albion, where Defendant Szelewski issued an Initial Review Response stating that the confiscated legal transcripts had been returned to Plaintiff without the gang information that was written on the back. (ECF No. 45, at ¶ 17; ECF No. 46-1, at p. 18).

In February 2014, Plaintiff was transferred to SCI-Greene, which does have an STGMU in which Plaintiff was placed upon his arrival. (ECF No. 45, at ¶¶ 19-20). Plaintiff's placement in the STGMU resulted from a review that was conducted at SCI-Smithfield, which indicated that Plaintiff met the criteria to be placed in the unit. (Id. at ¶ 24; ECF 46-1, Declaration of Paul Palya, at p. 33, ¶ 3). This placement occurred approximately one year after Plaintiff was transferred out of SCI-Albion.

### C. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving

elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

#### 1. The Exhaustion Requirement

Defendant Szelewski argues that Plaintiff's retaliation claim must be dismissed because Plaintiff failed to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted.

Id[4] (emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be

---

[4] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[5] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[6]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal

---

[5] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[6] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis

Both Plaintiff and Defendant have submitted copies of Plaintiff's relevant grievance records at SCI-Albion, including the grievance Plaintiff filed at SCI-Smithfield on May 19, 2013, which was forwarded to SCI-Albion for response by Defendant Szelewski. (ECF No. 25-1, at pp. 19-30; ECF No. 46, at pp. 16-22). None of these grievances contains any claim of retaliation against Defendant Szelewski or makes any mention of Defendant Szelewski's alleged threat to

send Plaintiff to the "gang unit." Furthermore, Defendant has submitted the Declaration of Debra Brumage, an Administrative Officer II at SCI-Greene, who declares that Plaintiff did not file any grievances regarding his placement in the STGMU in 2014. (ECF No. 46-1, Declaration of Debra Brumage, at p. 31, ¶ 2). Thus, the evidence of record demonstrates that Plaintiff never grieved the elements of his retaliation claim against Defendant Szelewski at any time before or after his placement in the STGMU at SCI-Greene in February 2014. As a result, Plaintiff failed to exhaust his administrative remedies with regard to such claim, and judgment should be entered in favor of Defendant Szelewski, accordingly.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Szelewski's motion for summary judgment [ECF No. 43] be granted, and that judgment be entered in favor of Defendant Szelewski and against Plaintiff on Plaintiff's retaliation claim. Since no other claims remain, it is further recommended that this case be closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: November 10, 2015

cc: The Honorable Cathy Bissoon
United States District Judge